UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENDA ANN WING,<br><br>     Petitioner,<br><br> v.<br><br>JO WOFFORD,<br><br>     Respondent. | Case No. 3:18-cv-05235-RBL-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for November 30, 2018 |

This matter comes before the Court on Ms. Brenda Ann Wing's petition for writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 5. Ms. Wing seeks to enforce a plea agreement; she pled guilty to the crimes of first degree manslaughter, third degree assault of a child, possession of a controlled substance, and witness tampering. Dkt. 5; Dkt. 10, Submission of Relevant State Court Record ("Record"), Exhibit 1, Judgment and Sentence, *State v. Wing*, Lewis County Superior Court Cause No. 14-1-00635-1, pp. 1-2.

Ms. Wing argues that she has a due process right, under *Santobello v. New York,* 404 U.S. 257, 262 (1971), to *habeas corpus* relief and requests that the federal court enforce the plea agreement. Petition for Habeas Corpus, Dkt. 5 at 8-10.However, Ms. Wing has recently withdrawn her guilty plea. Respondent submitted a status report on October 24, 2018, advising the Court that Ms. Wing withdrew her guilty plea on October 4, 2018 (Dkt. 20, p. 1, Exhibit 1), and the Judgment and Sentence in Cause No. 14-1-00635-1 entered on January 22, 2016, had also been vacated by the Lewis County Superior Court on October 4, 2018 (*Id.*, p. 1, Exhibit 2).

REPORT AND RECOMMENDATION - 1

For the reasons explained below, the undersigned recommends the Court DISMISS the petition as moot; and the Court should DENY a certificate of appealability (COA).

I.      Facts

The Washington Court of Appeals summarized the relevant facts as follows:

> In 2014, Wing and her husband began taking care of a three-year old, JHW, with the consent of JHW's young mother. Within three months of living with the Wings, the child died from physical abuse inflicted upon him by the Wings.
>
> On May 7, 2015, Wing pleaded guilty to first degree manslaughter-domestic violence, third degree assault-domestic violence, two counts of possession of a controlled substance, and two counts of witness tampering. After finding that Wing breached the proffer agreement, the superior court sentenced Wing to 416 months of confinement.

Dkt. 10, Record, Exhibit 3, Unpublished Opinion, *State v. Wing*, Washington Court of Appeals Cause No. 48623-7-II, p. 2 (internal footnote omitted).

II.     State Court Procedural History

Ms. Wing was sentenced on January 22, 2016, to 416 months in prison. Dkt. 10, Record, Exhibit 1, p. 6; Exhibit 3, pp. 1-2. The Washington Court of Appeals reversed the conviction and sentence and found Ms. Wing's guilty plea was not knowing, intelligent and voluntary, because it was based on an incorrect offender score for her third degree assault conviction. *Id.*, Exhibit 3, p. 1. The Court of Appeals declined to address the remaining issues, remanded to the Lewis County Superior Court and allowed Ms. Wing the option of withdrawing her guilty plea. *Id.*

Ms. Wing filed a motion to reconsider those remaining issues, including whether the State had breached the plea agreement, and the Washington Court of Appeals denied reconsideration.. Dkt. 10, Record, Exhibits 10-11. Ms. Wing's petition for discretionary review was denied by the Washington Supreme Court on January 3, 2018. *Id.*, Exhibits 12-13. The Washington Court of Appeals issued its mandate on January 19, 2018. *Id.*, Exhibit 14.

REPORT AND RECOMMENDATION - 2

III.     Proceedings in Federal Court

Ms. Wing, who at the time was an inmate at the Washington Corrections Center for Women ("WCCW"), filed her habeas corpus petition with the Court on March 23, 2018. Dkt. 1. Respondent filed an answer to the petition on June 1, 2018, and informed the Court that Ms. Wing had not yet decided whether to withdraw her guilty plea. Dkt. 8, p. 13.

The Court granted Ms. Wing's two requests for extension of time to file a reply to respondent's answer. Dkts. 11, 14, 15, 16. Ms. Wing's deadline to file a reply was August 31, 2018, although to date she has not filed one.[1] Dkt. 16.

On August 1, 2018, the Court was notified that its order granting Ms. Wing's most recent request had been returned, as plaintiff was not located at her last known address, WCCW. Dkt. 17. The Court then directed respondent to update the Court as to both the status of Ms. Wing's state court proceedings and her current address. Dkt. 19.

Respondent submitted a status report on October 24, 2018, informing the Court:

(1)   that Ms. Wing withdrew her guilty plea on October 4, 2018, after being fully advised  (Dkt. 20, p. 1, Exhibit 1);

(2)   the Lewis County Superior Court Judgment and Sentence in case no. 14-1-00365-1 (that was rendered after she pled guilty on May 7, 2015 to first degree manslaughter-domestic violence, third degree assault-domestic violence, two counts of possession of a controlled substance, and two counts of witness tampering – the plea that has now been withdrawn) that was entered on January 22, 2016, had been

---

[1] Although it appears Ms. Wing did not receive the Court's most recent order granting her second request for an extension of time, the undersigned notes that Ms. Wing did not apprise the Court of her change of address as she is required to do. *See* Local Rule LCR 41(b)(2) ("A party proceeding pro se shall keep the court and opposing parties advised as to his or her current mailing address."). Further, given the evidence of Ms. Wing's knowing withdrawal of her guilty plea now before the Court, the undersigned finds a reply is not necessary in order to properly dispose of this matter, nor would the absence thereof unfairly prejudice Ms. Wing.

REPORT AND RECOMMENDATION - 3

1     vacated (Dkt. 20, p. 1, Exhibit 2);

2  (3) Ms. Wing had been committed to the Lewis County Sheriff pending criminal trial

3     (*Id.*, p. 1, Exhibit 3); and

4  (4) Ms. Wing was awaiting trial and detained at the Lewis County Jail (*Id.*, p. 1,

5     Exhibit 4).

## DISCUSSION

A district court has jurisdiction to review habeas corpus petitions "from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3); citing 28 U.S.C. § 2254(a)) (emphasis in the original). This requires that the petitioner "be 'in custody' under the conviction or sentence under attack at the time [the] petition is filed." *Id.* at 490-91.

A habeas petition "can only be entertained 'on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States.'" *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). In other words, there must be "a nexus between the petitioner's claim and the unlawful nature of the custody. *Id.* at 980.

To sustain her habeas corpus challenge, therefore, Ms. Wing must show her custody "in itself, or its conditions, offends federal law." *Id.* Ms. Wing's petition alleges only one claim: Under the Due Process Clause of the Fourteenth Amendment, and *Santobello v. New York,* 404 U.S. 257, 262 (1971), she contends that she is entitled to specific enforcement of her plea agreement. Petition for Habeas Corpus, Dkt. 5 at 8-10. Yet Ms. Wing has withdrawn her plea agreement – consequently there is no basis for the Court to conclude she is being held in custody in violation of the Constitution or laws of the United States. Because Ms. Wing is no longer in custody pursuant to her January 22, 2016 conviction and sentence – that Judgment and Sentence having been vacated by the Lewis County Superior Court as a result of the remand from the

Washington State Court of Appeals, and as a result of Ms. Wing's withdrawal of her guilty plea – this habeas corpus petition is moot.

Because Ms. Wing withdrew her plea agreement, and the judgment and sentence that was previously entered (based on the plea agreement) has been vacated, the Court cannot grant any effectual relief. Ms. Wing's federal habeas corpus petition seeks enforcement of a plea agreement that no longer exists. And she is no longer in custody pursuant to any judgment and sentence connected with that plea agreement. Accordingly she has no concrete interest in the outcome of this litigation. *McGee v. Higgins,* No. CIV-060807-R, 2007 WL 2822748 at \*6 (W.D. Oklahoma 2007), *affirmed on other grounds, McGee v. Higgins,* 568 F.3d 832 (10th Cir. 2009); *see generally, Dominguez v. Kernan*, -- F.3d --, No. 18-55209, 2018 WL 5260855, at 4 (9th Cir., October 23, 2018). This matter no longer involves a live controversy and is moot.

A habeas petition does not become moot if "the adverse consequences of [the] criminal conviction remain . . . even though the petitioner's custody has expired since filing" the petition. *Fowler v. Sacramento Cnty. Sheriff's Dept.*, 421 F.3d 1027, 1033 n.5 (9th Cir. 2005). In Ms. Wing's situation there are no adverse consequences remaining from any guilty plea, conviction or sentence, because, having been withdrawn and vacated, there is no longer any guilty plea, conviction or sentence.

## CERTIFICATE OF APPEALABILITY

If the Court adopts the undersigned's Report and Recommendation, it must determine whether a Certificate of Appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)-(3). A petitioner satisfies this standard

REPORT AND RECOMMENDATION - 5

"by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The undersigned recommends that the Court decline to issue a COA. No jurist of reason could disagree with the above evaluation of her constitutional claim and there are no issues that deserve encouragement to proceed further. Petitioner should address whether a COA should issue in her written objections, if any, to this Report and Recommendation.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of habeas corpus.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **November 30, 2018**, as noted in the caption.

Dated this 13th day of November, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6